Pearson, J.
 

 In
 
 Drake
 
 v.
 
 Merrill,
 
 2 Jones’ Rep. 368, it is said:
 
 “
 
 In England the probate of wills'of personal property is made before the ordinary; if the instrument also contains a devise of real estate, such probate before the ordinary has no effect in regard to the devise, and the execution of the instrument as a devise, must be proved before a jury, upon an issue involving the question of title, in the same way that the execution of a deed or other conveyance of land is proved.”
 

 It is also said, in
 
 Ward
 
 v.
 
 Hearne,
 
 Busb. Rep. 184: “ The acts of 1784, 1835, and 1844 are examined and discussed, but it was not necessary to notice the distinction between the provisions in regard to the probate of wills respecting personal property, and wills containing devises of land.” The distinction is pointed out:—the statutes are discussed and explained in regard to devises, and it is decided that a devise of land, situate in this State, can have no validity or operation unless its execution is proved, by the oath of witnesses, before the proper Court in this State.
 

 In our case, the order of the County Court of Stanly “ that the will be allowed, filed and recorded,” was made upon the certificate of
 
 probate,
 
 taken before a Court in Washington County, District of Columbia. So, the execution of the instrument as a
 
 devise,
 
 as distinguished from a will of personal property, has not been proven by
 
 the oath of witnesses
 
 before the proper Court in this State. There is error.
 
 Venire de novo.
 

 Per Curiam.
 

 Judgment reversed.